## COMMONWEALTH
vs.
## Thord T. HALL, Jr.

## No. 75430, 75432 and 75433

Superior Court
Commonwealth of Massachusetts

**November 5, 1981**

**Steve Snyder,** counsel for plaintiff.
**Anthony Arena,** counsel for defendant.

## FINDINGS AND RULINGS

These then constitute the Findings and Rulings of the defendant's motion to suppress grand jury testimony filed on June 10, 1981 and denied on November 5, 1981 at the hearing. The court reserves the right to amplify the legal analysis set forth herein in a further written memorandum following trial but will make no alteration whatsoever with respect to the factual findings made.

The court finds as fact the following matters: that on or about Tuesday, March 24, 1981 Thord T. Hall was subpoenad to appear before a Plymouth County grand jury and was inquired of by an Assistant District Attorney, Joseph P. Gaughan, on behalf of that grand jury. The Commonwealth may be expected to seek to introduce the statements there made in the trial as admissions of the defendant Hall, which evidence it may be argued demonstrates a consciousness of guilt on his part.

At no time did any police officer, representative of the grand jury for the County of Plymouth or any representative of the Plymouth County District Attorney's Office advise Mr. Hall of any right to remain silent or to refuse to testify or of his privilege not to incriminate himself or that he might have the advice of counsel available to him.

Further, the court finds that at the time of the grand jury investigation on March 24, 1981, Mr. Hall had not been arrested or charged, that Mr. Hall was a witness and not a defendant, that while there was probable cause at the time to believe that Mr. Hall might have violated the laws of the Commonwealth with respect to the theft of motor vehicles, that there is no sufficient showing that the office of the District Attorney had, at that time, decided to seek an indictment of Mr. Hall, nor is there sufficient showing that, even had Mr. Hall been advised, of his rights under the Fifth Amendment that he would have refused to testify and to answer some questions asserting his Fifth Amendment right. I recognize the affidavit to the contrary filed by the defendant Hall in support of the motion to suppress, but disbelieve it in light of his testimony given before the grand jury which seems consistent to me with an intent to explain away any suspected inproprieties with respect to this motor vehicle.

On those facts which, simply put, show no particular prejudice to Mr. Hall from not having been advised of these matters, the question is fairly put whether the so-called **Miranda** rights must be given to one who, while not formally a defendant or charged with a crime nor indeed the target, if you will, of an investigation by the office of the District Attorney, is nevertheless within the zone of suspicion and as to whom there is cause to believe that he may well have been involved in criminal activity, must be given the **Miranda** rights, so-called, this court holds that he need not. It must be obvious that the full panoply of **Miranda** rights cannot be required to be given to one who appears before a grand jury because, in fact, as set forth in **U.S. v. Mandujano,** 425 U.S. 564, at 572, witnesses called by a grand jury are legally bound to give testimony and have no right to remain silent as an individual does when questioned by the police. Their choice is either to give testimony or to assert their privilege under the Fifth Amendment to the Constitution of the United States. In that regard then the **Miranda** warnings do not apply.

In dictating this from the bench the court is uncertain whether a grand jury investigation prior to any indictment being returned or any custodial apprehension by the police is such a critical stage of criminal proceedings as to require the State, at the expense of its taxpayers, to provide counsel for one who cannot afford counsel and, subject to further research on the point, I am inclined to think that the State is not required to shoulder any such burden and, in that respect, the **Miranda** warnings, so-called, are inapposite.

All that remains is whether one in the position of Mr. Hall has a right which, if violated, results in the suppression of testimony given before a grand jury, testimony which, ironically enough in the context of this case, is admissible only because it will assist the Commonwealth in arguing that it was perjured testimony before a grand jury, if such a person has a right to have that testimony suppressed because agents of the Commonwealth have not informed the individual that he has the right that all citizens have under the Fifth Amendment to claim the privilege of our Federal Constitution and its cognate Massachusetts' provisions.

This court holds, on the strength of **United States v. Mandujano,** that there is no such requirement and, again, reserving my rights to amplify the legal analysis, denies the motion to suppress.

**William G. Young**